No. 3688.

SAMUEL McCLELLAND v. THE NEW ORLEANS SUGAR SHED COMPANY.

Where the court is without jurisdiction *ratione materiæ* to try a case, it must notice this fact of its own accord, and the appeal will be dismissed. Cons. art. 74.

APPEAL from the Eighth District Court, parish of Orleans. *Dibble, J. Cotton & Levy*, for plaintiff and appellant. *Semmes & Mott*, for defendants and appellees.

Justices concurring: Ludeling, Taliaferro, Howell and Wyly.

LUDELING, C. J. The material allegations of the petition are, that the plaintiff bought fourteen hogsheads of sugar, deposited under the sheds of the defendant, and which were worth $1700, and that he notified the defendant that he would not pay certain charges which the company was in the habit of making. That notice was given by the following letter:

"NEW ORLEANS, July 18, 1871.

Jules Blanc, Esq., President of New Orleans Sugar Shed Company:

DEAR SIR—This is to notify you, as President of the New Orleans Sugar Shed Company, that I have purchased from Robert Carey fourteen hogsheads of sugar marked Magnolia, and in shed D, and I herewith tender you the sum of two dollars and ten cents, being the sum

due the company for the transfer charges on same, and as amount authorized by charter. And I now wish said sugars, as well as all other lots which I may acquire from time to time in due course of business, to remain under cover until disposed of by me, free of any and all other charges than those prescribed by the second section of the ordinance of the City Council of New Orleans, under which you derive authority.. And I do moreover notify you as president of said company, that you are not to insure said sugar, and I do not wish the company to place any watchman over this or any other sugar I have or may have hereafter under any sheds of said company. And further do I notify you to cause no expense for labor on removing said sugars, or any other sugars that I may have stored in said sheds. And you are hereby specially notified that I will not pay the illegal charges of forty cents per month for storing, watching, keeping, or labor on said sugars or any other sugars or molasses which I may have covered in said sheds, all of which you will please take notice.

Yours Respectfully,<br>SAMUEL McCLELLAND. "

The petitioner goes on to recite, that subsequently he sent for a part of the sugar, which he was not permitted to remove without paying the charge of forty cents per hogshead—that the conduct of the company is ruinous to the business of the plaintiff, who is "a merchant and trader"—that the privilege granted by the city to the company is injurious to the vested rights of petitioner and others engaged in business, and that the damages caused by the oppressive and wrongful acts of the company up to date exceed ten thousand dollars, and if continued will break up the business of the petitioner. He prays for an injunction "commanding the company to deliver to him fourteen hogsheads of sugar, free from the charges of forty cents per hogshead, and restraining the company from demanding or claiming from the plaintiff on any sugars or molasses he may in future acquire, or have or place under said sheds, the forty cents per month per hogshead and ten cents per month per barrel of sugar or molasses."

He further prays to have the resolution of said company, fixing the said tariff, declared null and void, and to have the fourteen hogsheads of sugar delivered to him free of charge for storage, and to have the company "forever restrained from asserting a claim for any storage, labor, watching, or insurance on sugar and molasses, which petitioner may acquire or place under said sheds in future, as it contends for under resolution aforesaid. And in default of said sugar being delivered as prayed for, that your petitioner recover judgment for the value thereof, $1700, with interest from twenty-fifth July, 1871, (reserving his right to sue for damages in a direct action) and that the injunction be made perpetual, etc."

McClelland v. The New Orleans Sugar Shed Company.

The answer contains a general denial; it admits the letter annexed to the petition was written to defendant, and it avers that on the reception thereof, the company notified the plaintiff to remove his sugar from their shed and custody, if he was not willing to pay the usual tariff.

The gravamen of the plaintiff's complaint is that the defendant exacts illegal charges on the sugar and molasses deposited under its sheds.

The sum of these exactions on the fourteen hogsheads of sugar belonging to the plaintiff (admitting them to be illegal) did not exceed five dollars and sixty cents. And that is the only amount in dispute in this suit. The defendant admits the sugar belongs to plaintiff, and he requested the plaintiff to take it away if he was not willing to pay the customary charges. We are of the opinion, therefore, that this court is without jurisdiction *ratione materiæ* to try this case, and we must notice this fact of our own accord. Constitution, article 74.

It is therefore ordered that the appeal be dismissed with costs.